UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 05-347 (ESH) |
| v. | : | |
| ADRIAN GARCIA-DIAZ | : | |

MOTION TO SUPPRESS EVIDENCE

Defendant Adrian Garcia-Diaz, through counsel, moves this Honorable Court to suppress all evidence seized from him at the time of his arrest consisting of social security and other identification cards, as well as the envelopes in which they were contained.. In support thereof, Defendant submits the following:

1. On July 8, 2005, at 5:00 P.M., Defendant Garcia-Diaz was walking in the 1700 block of Columbia Road, N.W., Washington, D.C., looking at some envelopes when a police officer on a bicycle pulled up in front of him and cut him off. The police officer grabbed Mr. Garcia-Diaz by the arm, and ordered him to give the officer the envelopes. Mr. Garcia-Diaz gave the envelopes to the officer.

2. The police officer opened the envelopes and recovered several identification cards, including three social security cards and employment authorization cards belonging to other individuals from within the envelopes. Mr. Garcia-Diaz was placed under arrest.

ARGUMENT

It is well settled that not all encounters between the police and citizens can be categorized as "seizures" within the meaning of the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 19 n.16.

Thus, a police officer is permitted to approach a citizen and to ask him questions without an illegal seizure taking place. <u>Florida v. Royer</u>, 460 U.S. 491, 497 (1983) (plurality opinion). These contacts require no particular or articulable justification. When a citizen's freedom to walk away is restrained, however, then the officer has "seized" that person, and such seizure must be supported by "articulable suspicion". <u>Terry</u>, <u>supra</u>, at 16. It has also been stated that "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person under the circumstances would have believed that he is not free to leave." <u>United States v. Mendenhall</u>, 446 U.S. 544, 544 (1980) plurality opinion) (footnoted omitted).

In the instant case, Mr. Garcia-Diaz submits that the police seized him unreasonably in violation of the Fourth Amendment without articulable suspicion to believe that he had committed a crime when the police officer rode his bicycle in front of Mr. Garcia-Diaz and grabbed his arm. Mr. Garcia-Diaz, as would any reasonable person, believed that he was not free to leave. At the time of his seizure, Mr. Garcia-Diaz was walking on a public sidewalk with some envelopes in his hand. As a result, Mr.Garcia-Diaz submits that the police lacked articulable suspicion to believe that Mr.Garcia-Diaz had committed a crime. Therefore, all evidence seized from him must be suppressed as the tainted fruit of the illegal seizure. <u>Terry</u>, *supra.*

Alternatively, even if the police had articulable suspicion to seize Mr. Garcia-Diaz, the police lacked probable cause to believe that Mr. Garcia-Diaz had committed a crime. Defendant submits that the police seized the envelopes in the possession of Mr. Garcia-Diaz and searched him without warrant, without probable cause, and without consent. Therefore, the search of his

person was illegal and the evidence must be suppressed.  <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

      Wherefore, premised considered, Defendant requests that this Honorable Court grant the instant motion, and suppress all evidence seized from him, consisting of several social security, employment authorization, and other cards and documents, and accompanying envelopes.

                                          Respectfully submitted,

                                          _____
                                          Mitchell S. Baer
                                          Bar No. 288324
                                          717 D Street, N.W., Suite 210
                                          Washington, D.C. 20004
                                          (202) 347-1250

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing Motion was served electronically and by mail to Assistant U.S. Attorney Frederick Yette, 555 Fourth Street, N.W., Washington, D.C. 20530, this 18th day of November, 2005.

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR NO. 05-347 (ESH) |
| V. | : | |
| ADRIAN GARCIA-DIAZ | : | |

ORDER

Upon consideration of Defendant Garcia-Diaz's Motion To Suppress Evidence, and Opposition thereto,

It is this _____ day of _____,

ORDERED that Defendant's Motion To Suppress Evidence is hereby GRANTED.

_____
Ellen Segal Huvelle
United States District Judge

cc: Mitchell S. Baer, Esquire

   Assistant U.S. Attorney Fredrick Yette